UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:21-cv-60967

**JACK MARKARIAN**,

    Plaintiff,

v.

**SARRELL, SARRELL & BENDER, P.L.**,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff Jack Markarian ("Plaintiff") sues Defendant Sarrell, Sarrell & Bender, P.L., ("Defendant") for violating the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA")

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

**PARTIES**

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

PAGE | **1** of 15

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5. Defendant is Florida corporation, with its principal place of business located in Boca Raton, Florida.

6. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

8. At all times material, the Creditor was the creditor of the debts Defendant sought to collect from Plaintiff.

## DEMAND FOR JURY TRIAL

9. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

10. On a date better known by Defendant, Boca Raton Harbour Condominium, Inc. (the "Creditor") referred the collection of a debt (the Consumer Debt") to Defendant for collection.

11. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

12. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, the Creditor, and Plaintiff for the maintenance and upkeep of Plaintiff's residence (the "Subject Service").

13. The Subject Service was primarily for personal, family, or household purposes.

14. Plaintiff is the alleged debtor of the Consumer Debt.

15. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

16. Defendant is a business entity engaged in the business of collecting consumer debts.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

17. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18. Defendant is required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

19. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

20. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

21. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

22. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

23. During Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt, Defendant did not adequately disclose to Plaintiff the information, statements, and/or disclosures required by 15 U.S.C. § 1692g(a)(3)-(5).

24. Defendant failed to adequately provide and/or communicate to Plaintiff the information, statements, and/or disclosures required by 15 U.S.C. § 1692g(a)(3)-(5).

25. On a date better known by Defendant, Defendant sent a letter, internally dated February 08, 2021, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. Attached as Exhibit "A" is a copy of the Collection Letter.

26. In the Collection Letter, Defendant demands a total of $21,697.47 from Plaintiff, of which is comprised of, among other thing, "Assessments," "Late Fees," "Special Assessments," and "Attorney's Fees and Costs." *See* Collection Letter.

27. Included in the amount(s) that Defendant demanded from Plaintiff *via* the Collection Letter were fines that Defendant could not lawfully collect from Plaintiff, as said fines

PAGE | **3** of **15**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

was imposed on Plaintiff without the appropriate written notice and hearing requirement commanded by Fla. Stat. § 718.303(3)(b).

28.	Plaintiff was not provided with the appropriate written notice, nor an opportunity for a hearing, as required by Fla. Stat. § 718.303(3)(b) with respect to the fines that Defendant sought to collect from Plaintiff *via* the Collection Letter.

29.	Defendant knew that it could not lawfully collect or attempt to collect *any* fine from Plaintiff until and unless the written notice and hearing requirement commanded by Fla. Stat. 718.303(3)(b) occurred.

30.	In the Collection Letter, Defendant demands from Plaintiff, among other things, attorney's fees and costs as part of the Consumer Debt.

31.	Defendant does not have any contractual or statutory right to demand attorney's fees and costs from Plaintiff in connection with, or otherwise part of, the Consumer Debt.

32.	The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

33.	The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of the Consumer Debt.

34.	Defendant engaged in activity constituting any action to collect a debt by sending the Collection Letter to Plaintiff.

35.	Defendant was required to provide Plaintiff with the information and/or disclosures required by § 1692g(a)(3)-(5) of the FDCPA.

36.	Defendant did not provide Plaintiff with the information and/or disclosures required by § 1692g(a)(3)-(5) of the FDCPA.

37. The Collection Letter was required to comply with, *among other things*, the disclosure requirements of § 1692e(11) of the FDCPA.

38. Defendant is required to state in the Collection Letter, at minimum, that it (the Collection Letter) is a communication from a debt collector.

39. Defendant does not state in the Collection Letter that it (the Collection Letter) is a communication from a debt collector.

40. Defendant violated § 1692e(11) of the FDCPA by failing to state in the Collection Letter that, among other things, the Collection Letter was a communication from a debt collector.

41. Defendant did not exercise any professional judgment, as an attorney, before mailing the Collection Letter to Plaintiff.

42. Defendant did not conduct a meaningful review of Plaintiff's file prior to sending the Collection Letter to Plaintiff.

43. Defendant did not send the Collection Letter to Plaintiff in Defendant's capacity as an attorney.

44. Defendant sent the Collection Letter to Plaintiff in Defendant's capacity as a debt collector.

45. The Collection Letter caused Plaintiff to believe that, regardless of Plaintiff's prior disputes and regardless of the illegality of Defendant's conduct, Defendant would continue to demand increased amounts from Plaintiff.

46. The Collection Letter caused Plaintiff to become scared and believe that Defendant, regardless of the legality of its conduct, would continue to pursue Plaintiff and demand, among other things, an ever-increasing amount of attorney's fees and costs.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

47. In addition to causing Plaintiff actual harm, the Collection Letter wasted Plaintiff's time. Plaintiff would not have wasted time reading the Collection Letter, Plaintiff would not have wasted time trying to understand why Plaintiff was the target of wrongful and otherwise unlawful collection activity, and Plaintiff would not have wasted time deliberating what to do about the Collection Letter.

48. Notwithstanding the time which the Collection Letter caused Plaintiff to waste, Defendant, by and through the Collection Letter, inflicted frustration, pain, confusion, and distrust, as well as emotional turmoil, onto Plaintiff. All of the aforementioned injuries suffered by Plaintiff constitute a concrete harm.

## ARTICLE III STANDING

49. "Under settled precedent, the 'irreducible constitutional minimum' of standing consists of three elements: the Plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it. The party invoking the jurisdiction of a federal court bears the burden of establishing these elements to the extent required at each stage of the litigation." Trichell v. Midland Credit Mgmt., 964 F.3d 990, *7 (11th Cir. 2020) (*citing* and *quoting* Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)). Simplified, Article III standing has three leading components: (1) *injury in fact*; (2) *causation*; and (3) *redressability.*

50. "The 'foremost' standing requirement is **injury in fact**." Trichell at *8 (emphasis added) (*quoting* Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998)).

51. "An injury in fact consists of '**an invasion of a legally protected interest**' that is both '**concrete** and **particularized**' and '**actual** or **imminent**, not conjectural or hypothetical.'" Trichell at *8 (emphasis added) (*quoting* Lujan, 504 U.S. 555 at 560). Simplified, *injury in fact*

has four components: an (1) actual or imminent, and not conjectural or hypothetical, (2) invasion of a legally protected interest (3) that is concrete and (4) particularized. *See* Spokeo, 136 S. Ct. 1540 at 1548 ("To establish injury in fact, a Plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" (*quoting* Lujan, 504 U. S. 555 at 560)); *see also* Cooper v. Atl. Credit & Fin., No. 19-12177, 2020 U.S. App. LEXIS 23719, at *8 (11th Cir. July 28, 2020) ("To establish standing, a Plaintiff must instead '**show that the violation harmed** … **the underlying concrete interest that Congress sought to protect**.'" (emphasis added) (*quoting* Casillas v. Madison Ave. Assocs., 926 F.3d 329, 333 (7th Cir. 2019)).

52. "To be **particularized**, the injury 'must affect the Plaintiff in a personal and individual way.' [*quoting* Lujan, 504 U. S. 555 at 560 n.1]. In other words, 'the injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured.' [*quoting* Sierra Club v. Morton, 405 U.S. 727, 734-35 (1972)]. The same principle holds true when the Plaintiff invokes a statutory cause of action: 'where a statute confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a **concrete**, **particularized**, and **personal injury** to that person as a result of the violation of the newly created legal rights.'" Trichell at *17 (emphasis added) (*quoting* Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1251 (11th Cir. 2015)).

53. "A '**concrete**' injury must be '*de facto*' – that is, it must be '**real**, and not abstract.'" Trichell at *8 (emphasis added) (*quoting* Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016)). "As a general matter, **tangible injuries qualify as concrete**." Trichell at *8 (*quoting* Spokeo, 136 S. Ct. 1540 at 1549). Allegations of either having "**made any payments** in response to" a

PAGE | **7** of **15**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

challenged collection letter "or even … **wasted time** *or* **money** in determining whether to do so" are tangible and otherwise concrete injuries. Trichell at *8 (emphasis added).

## SCOPE OF TRICHELL

54. In Trichell, the Eleventh Circuit pointedly grappled the *injury in fact* component of Article III standing – and in particular – whether the *intangible* injuries alleged by the Plaintiff were capable of satiating the overarching *injury in fact* requirement. The Trichell court observed the injuries alleged by the Plaintiff as *intangible* because, although claiming to have **received** *misleading* and *unfair* collection letters that violated their rights under 15 U.S.C. § 1692e (generally prohibiting *misleading* communications in connection with the collection of a consumer debt) and § 1692f (generally prohibiting *unfair* communications in connection with the collection of a consumer debt), **neither Plaintiff alleged to have been misled or otherwise unfairly mislead by their respective collection letter**.

55. Without allegations indicating that the Plaintiff themselves were misled, and because the *specific* section of the FDCPA advanced by the Plaintiff only prohibited *misleading* communications, any ability to satiate Article III standing by the Plaintiff quickly crumbled. Put differently, because the Plaintiff' claim was that the underlying collection letters were misleading and/or otherwise unfair, **in light of the fact that neither Plaintiff alleged to have been misled themselves**: [1] there was no palpable *actual* injury, but instead, merely the risk of an *imminent* injury, of which the court found insufficiently imminent, *and* [2] there was no sufficiently concrete *or* particularized injury because the Plaintiff did not allege more than an injury to a cognizable interest (*i.e.*, the Plaintiff *only* alleged the collection letters could unlawfully mislead the least sophisticated consumer, and *not* that the Plaintiff themselves were unlawfully mislead).

56. Simply put, Trichell confirms that, to the extent a Plaintiff is seeking to enforce an invasion of a statutorily created interest (*e.g.*, § 1692e of the FDCPA which *generally* prohibits misleading communications in connection with the collection of a debt from a debt collectors), a Plaintiff cannot manifest the necessary *injury in fact* unless the Plaintiff alleges a **concrete**, **particularized**, and **personal injury** caused by the violation of said statutorily created right.

57. With respect to Plaintiff and the immediate action, Trichell affords *some* utility to the analysis of whether Plaintiff has sustained and alleged the necessary *injury in fact*. In large, however, Trichell is of limited application, as the focus of Trichell was the sufficiency of the *intangible* injury alleged by the Plaintiff.

58. Here, unlike the Plaintiff of Trichell, Plaintiff has sustained *tangible injuries*, *see, e.g.*, Supra ¶¶ 45-48, the likes of which are objectively concrete. *See* Trichell at *8 (exemplifying allegations of either having "made any payments in response to" a challenged collection letter "or even … wasted time or money in determining whether to do so" as tangible and otherwise concrete injuries for purposes of Article III standing).

59. Further, as alleged below, because Defendant's violation of the FDCPA and FCCPA caused *tangible* injury to Plaintiff, by way of demanding unlawful amounts from Plaintiff and demanding collecting unlawful amounts from Plaintiff, it is without question that Plaintiff's *actual* injuries are sufficiently *particularized*.

60. Thus, Plaintiff has sufficiently established the *injury in fact* component of Article III standing, leaving only *causation* and *redressability* – the likes of which are equally satisfied, as a decision in Plaintiff's favor will afford Plaintiff both the *actual* and *statutory* damages sought herein and, *but for* the Collection Letter, Plaintiff *would not* have sustained the complained of concrete injuries.

PAGE | **9** of **15**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692e(11)

61. Plaintiff incorporates by reference paragraphs 10 through 60 of this Complaint.

62. The Collection Letter is a communication from Defendant to Plaintiff in an attempt to collect the Consumer Debt. Section 1692e(11) of the FDCPA requires, at minimum, that Defendant disclose in the Collection Letter that it (the Collection Letter) is a communication from a debt collector. Edwards v. Niagara Credit Sols., Inc., 584 F.3d 1350, 1353 (11th Cir. 2009) ("Section 1692e(11) requires a debt collector 'to disclose in subsequent communications that the communication is from a debt collector.'" Edwards v. Niagara Credit Sols., Inc., 584 F.3d 1350, 1353 (11th Cir. 2009) (*quoting* 15 U.S.C. § 1692e(11)). Nowhere in the Collection Letter does Defendant state that it (Defendant) is a debt collector, nor does the Collection Letter state that it (the Collection Letter) is a communication from a debt collector.

63. Accordingly, Defendant violated § 1692e(11) of the FDCPA by failing to state that it (Defendant) was a debt collector in the Collection Letter.

64. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant awarding Plaintiff: **[1]** actual damages; **[2]** statutory damages; **[3]** costs; and **[4]** reasonable attorneys' fees.

## COUNT 2
## VIOLATION OF 15 U.S.C. §§ 1692e and 1692g(a)(3)-(5)

65. Plaintiff incorporates by reference paragraphs 10 through 60 of this Complaint.

66. The Collection Letter is a communication from Defendant to Plaintiff in an attempt to collect the Consumer Debt. At no point in time did Defendant adequately disclose or otherwise provide to Plaintiff, whether orally or in writing, the information, statements, and/or disclosures required by 15 U.S.C. § 1692g(a)(3)-(5). As such, sending the Collection Letter to Plaintiff without

PAGE | **10** of 15

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

having provided Plaintiff with the statements, and/or disclosures required by, and in conformance with, § 1692g(a)(3)-(5) of the FDCPA, Defendant violated § 1692e and § 1692g(a) of the FDCPA.

67. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant awarding Plaintiff: **[1]** actual damages; **[2]** statutory damages; **[3]** costs; *and* **[4]** reasonable attorneys' fees.

### COUNT 3
### VIOLATION OF 15 U.S.C. § 1692e(2)(A) & (B)

68. Plaintiff incorporates by reference paragraphs 10 through 60 of this Complaint.

69. Defendant, by and through the Collection Letter, violated § 1692e(2)(A) and § 1692e(2)(B) of the FDCPA because the Collection Letter falsely represents the character of the Consumer Debt, falsely represents the amount of the Consumer Debt, as well as falsely represents the lawful compensation which Defendant may recover.

70. The Collection Letter falsely represents the amount of the Consumer Debt because the $21,697.47 that Defendant demands from Plaintiff in the Collection Letter is comprised of attorney's fees and costs that are not explicitly permitted by the agreement underlying the Consumer Debt or otherwise explicitly permitted by statute. Put differently, the $21,697.47 demanded in the Collection Letter exceeds the amount that Defendant and/or the Creditor could lawfully, by way of statute or contract, attempt to collect or collect from Plaintiff.

71. In the same vein, because Defendant demanded attorney's fees and costs from Plaintiff as part of the Consumer Debt, of which Defendant could not recover from Plaintiff as lawful compensation, Defendant falsely represented that it (Defendant) was entitled to compensation for having to send the Collection Letter. *See* <u>Collection Letter</u> (wherein Defendant, following the demand for $21,597.47 states "[t]his amount includes the charge for this letter").

PAGE | **11** of **15**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

72. As such, by and through the Collection Letter, Defendant violated §§ 1692e(2)(A) & (B) by falsely representing the amount of the Consumer Debt and the lawful compensation which could be had by Defendant.

73. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant awarding Plaintiff: **[1]** actual damages; **[2]** statutory damages; **[3]** costs; *and* **[4]** reasonable attorneys' fees.

## COUNT 4
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

74. Plaintiff incorporates by reference paragraphs 10 though 60 of this Complaint.

75. Defendant, by and through the Collection Letter, violated § 1692e(2)(A) of the FDCPA because the Collection Letter attempts to collect amounts, *namely*, fines, which could not lawfully be collected, or attempted to be collected, from Plaintiff due to Defendant and/or the Creditor's failure to provide Plaintiff with the necessary 15-days written notice, as well as an opportunity to be heard, requirement commanded by Fla. Stat. 718.303(3)(b).

76. Here, the fines which Defendant sought to collect from Plaintiff *via* the Collection Letter could not be lawfully recovered unless and until the written notice and hearing requirements of Fla. Stat. 718.303(3)(b) had been fully satisfied. As such, by demanding said fines from Plaintiff as part of the Consumer Debt without first satisfying Fla. Stat. 718.303(3)(b), Defendant falsely represents to the least sophisticated consumer that the fines included in the Consumer Debt were lawfully imposed and further falsely stated to the least sophisticated consumer.

77. Thus, by attempting to collect fines from Plaintiff as part of the Consumer Debt, whereby said fines were imposed without compliance with Fla. Stat. § 718.303(3)(b), Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the character and legal status of the Consumer Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

78. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant awarding Plaintiff: **[1]** actual damages; **[2]** statutory damages; **[3]** costs; *and* **[4]** reasonable attorneys' fees.

### COUNT 5
### VIOLATION OF FLA. STAT. § 559.72(9)

79. Plaintiff incorporates by reference paragraphs 10 through 60 of this Complaint.

80. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla. Stat. §559.72(9) (emphasis added).

81. As stated above, Defendant attempted to collect fine(s) from Plaintiff, whereby said fines were assessed to Plaintiff in violation of Fla. Stat. 718.303(3)(b). Defendant's attempt to collect said fine(s) constitutes the assertion of a legal right, *i.e.*, the right to collect said fines in violation of Fla. Stat. 718.303(3)(b), which Defendant did not have the authority to assert.

82. As such, by attempting to collect said fine(s) from Plaintiff, of which were assessed to Plaintiff in violation of Fla. Stat. 718.303(3)(b), Defendant violated Fla. Stat. 559.72(9) by asserting a legal right which Defendant knew it did not exist.

83. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendants awarding Plaintiff: [1] actual damages; [2] statutory damages; [3] an injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiff that violate the FCCPA; **[4]** costs; *and* **[5]** reasonable attorneys' fees.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 6
## VIOLATION OF 15 U.S.C. § 1692e(3)

84. Plaintiff incorporates by reference paragraphs 10-60 of this Complaint.

85. Defendant violated §1692e(3) of the FDCPA by utilizing, *including but not limited to*, Defendant's attorney letterhead despite having made no meaningful review of the file and/or sufficient professional judgment in dispatching the Collection Letter to Plaintiff. *See* Boyd v. Wexler, 275 F.3d 642, 647 (7th Cir. 2001) (finding that although the collection attorney's affidavit stated that he reviewed every file before a [collection letter] was sent, the mere volume of that undertaking (tens of thousands in some weeks, hundreds of thousands of dunning letters a year) was sufficient to permit a reasonable jury to conclude that "the defendant violated the FDCPA by rubber stamping his clients' demands for payment, thus misrepresenting to the recipients of his dunning letters that a lawyer had made a minimally responsible determination that there was probable cause to believe that the recipient actually owed the amount claimed by the creditor."). As such, by and through the Collection Letter, Defendant violated § 1692e(3) of the FDCPA.

86. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendants awarding Plaintiff: [1] actual damages; [2] statutory damages; [3] an injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiff that violate the FCCPA; **[4]** costs; *and* **[5]** reasonable attorneys' fees.

## COUNT 7
## VIOLATION OF FLA. STAT. § 559.72(11)

87. Plaintiff incorporates by reference paragraphs 10-60 of this Complaint.

88. Defendant violated Fla. Stat. § 559.72(11) communicating with Plaintiff under the guise of an attorney by utilizing the stationery of an attorney, *to wit*, the Collection Letter, in an attempt to deceptively collect the Consumer Debt from Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

89. For example, Defendant, by and through the Collection Letter, wrongfully causes the least sophisticated consumer to believe meaningful and adequate scrutiny of the consumer's file occurred before the Collection Letter was mailed. Here, among other things, Defendant's attorney letterhead, causes the least sophisticated consumer to wrongfully believe that he or she received a letter from an attorney. As mentioned above, however, Defendant did not exercise any professional judgment, as an attorney, or conduct any meaningful review of Plaintiff's file, as an attorney, prior to mailing the Collection Letter. Simply put, the Collection Letter was mailed to Plaintiff by Defendant in Defendant's capacity as a debt collector – not an attorney. As such, by and though the Collection Letter, Defendant violated § 559.72(11) of the FCCPA.

90. WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendants awarding Plaintiff: [1] actual damages; [2] statutory damages; [3] an injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiff that violate the FCCPA; **[4]** costs; *and* **[5]** reasonable attorneys' fees.

DATED: May 6, 2021

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136